UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SONIA L. MEZQUITA VEGA,<br><br>                    Petitioner,<br>     v.<br><br>UNITED STATES FEDERAL BUREAU OF PRISONS,<br><br>                    Respondent. | CASE NO. 2:24-cv-00605-KKE-GJL<br><br>ORDER SUBSTITUTING RESPONDENT AND FOR RETURN, § 2241 PETITION |

Petitioner, Sonia L. Mezquita Vega, has filed a 28 U.S.C. § 2241 Habeas Petition allegedly challenging the execution of his sentence by United States Bureau of Prisons. Dkt. 4. Having reviewed the Petition, the Court **ORDERS**:

    (1)    <u>Substitution of Respondent</u>

Petitioner has named United States Federal Bureau of Prisons as Respondent for this action. However, the proper respondent for § 2241 petitions is "the person who has custody over [the petitioner]." *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (citing 28 U.S.C. §§ 2242, 2243). Petitioner represents that he is currently detained at Federal Detention Center at

ORDER SUBSTITUTING RESPONDENT AND
FOR RETURN, § 2241 PETITION - 1

SeaTac, Washington, so the proper respondent for this action is Howard C. Barron, the warden of that facility.

Accordingly, the Clerk of Court is **DIRECTED** to **SUBSTITUTE** Howard C. Barron as the Respondent in this action. The Clerk is also **DIRECTED** to **UPDATE** the case title.

(2)     Service

The Clerk shall arrange for service upon Howard C. Barron, upon the United States Attorney General in Washington, D.C., and upon the civil process clerk at the Office of the United States Attorney for the Western District of Washington, of copies of the Petition and of this Order, by registered or certified mail, return receipt requested.

(3)     Return

**Within 30 days of the date this Order is posted**, Respondents shall show cause why a writ of habeas corpus should not be granted by filing a Return as provided in 28 U.S.C. § 2243. The Return shall first address whether § 2241 is the proper vehicle for addressing Petitioner's challenge and if jurisdiction lies with the custodial court. *See generally Hernandez v. Campbell*, 204 F.3d 861 (9th Cir. 2000). If the challenge may proceed under § 2241 and is properly before this Court, then Respondents shall also address and submit evidence relevant to Petitioner's allegation that his sentence is being unlawfully executed. Respondents shall file the Return with the Clerk of the Court and shall serve a copy upon Petitioner.

The Return will be treated in accordance with LCR 7. Accordingly, on the face of the Return, Respondent shall note it for consideration no earlier than 28 days after filing. Petitioner may file and serve a response not later than 21 days after the filing date of the Return, and Respondent may file and serve a reply brief not later than 28 days after the return is filed.

//

ORDER SUBSTITUTING RESPONDENT AND
FOR RETURN, § 2241 PETITION - 2

  (4) <u>Filing by Parties, Generally</u>

All attorneys admitted to practice before this Court are required to file documents electronically via the Court's CM/ECF system. All non-attorneys, such as *pro se* parties and/or prisoners, may continue to file a paper original with the Clerk. All filings must indicate in the upper right-hand corner the name of the United States Magistrate Judge to whom the document is directed.

For any party filing electronically, when the total of all pages of a filing exceeds fifty (50) pages in length, a paper copy of the document (with tabs or other organizing aids as necessary) shall be delivered to the Clerk's Office for chambers. The chambers copy must be clearly marked with the words "Courtesy Copy of Electronic Filing for Chambers." Any document filed with the Court must be accompanied by proof that it has been served upon all parties that have entered a notice of appearance in the underlying matter.

  (5) <u>Motions</u>

Any request for court action shall be set forth in a motion, properly filed and served. Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document. The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration on the Court's motion calendar.

  (6) <u>Direct Communications with District Judge or Magistrate Judge</u>

No direct communication is to take place with the District Judge or Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk.

//

//

The Clerk is **DIRECTED** to send copies of this Order to Petitioner and to the Honorable Kymberly K. Evanson,

Dated this 28th day of May, 2024.

Grady J. Leupold
United States Magistrate Judge