UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SONIA L. MEZQUITA VEGA,

     Petitioner,

 v.

HOWARD C. BARRON,

     Respondent.

CASE NO. 2:24-cv-00605-KKE-GJL

REPORT AND RECOMMENDATION

Noting Date: September 5, 2024

  Petitioner Sonia L. Mezquita Vega is a federal prisoner confined at the Federal Detention Center in SeaTac, Washington ("FDC SeaTac"). Currently pending before the Court is Petitioner's Petition for writ of habeas corpus under 28 U.S.C. § 2241, in which she asserts that she is entitled to First Step Act ("FSA") time credits to her sentence for "days in-transit after sentencing." Dkt. 4 at 5. After consideration of the relevant record, the Court recommends the Petition (Dkt. 4) be **DISMISSED without prejudice**.

//

//

REPORT AND RECOMMENDATION - 1

# I. BACKGROUND

Petitioner pleaded guilty to one count of conspiracy to commit money laundering, six counts of money laundering under 18 U.S.C. § 1956(a)(1)(B)(i), and six counts of money laundering under 18 U.S.C. § 1957. *See United States v. Vega*, No. 20-cr-00120-RSM (W.D. Wash.), Dkt. 242. For these offenses, Petitioner received a forty-four month prison sentence followed by three years of supervised release. *Id*. at Dkt. 292. Petitioner is currently serving her sentence at FDC SeaTac, with a projected release date of October 6, 2024.[1] Dkt. 12-3 at 2, Ex. 3, Rogoski Dec.

On May 24, 2024, Petitioner filed this habeas Petition, alleging she is entitled to FSA credits "for days in-transit after sentencing." Dkt. 4 at 5. As Respondent points out, it appears the Petition has been copied from a petition filed by another individual, as it refers to the petitioner as "he" and adds handwritten notations that seemingly apply to Petitioner. *See id*. In addition, several arguments in this section of the Petition appear to attack a BOP policy that was changed prior to the filing of this Petition. *See id*.

In response to the Petition, Respondent argues Petitioner is not entitled to federal habeas relief because: (1) the Petition fails to allege with any specificity that Petitioner is being held in violation of the Constitution or laws of the United States (Dkt. 11 at 5–6); (2) the Petition is not yet ripe for adjudication (*id*. at 6–7); (3) Petitioner failed to exhaust her administrative remedies prior to filing the Petition (*id*. at 7–8); and (4) Petitioner has no statutory right to FSA credits prior to her designation at FDC SeaTac (*id*. at 8–10). Upon review, the Court finds it need only address Respondent's argument with respect to exhaustion.

---

[1] While Respondent's June 26, 2024, Response indicates a November 20, 2024, release date, the Court takes judicial notice of Petitioner's release date of October 6, 2024, noted on the Bureau of Prisons' ("BOP") website. *See* https://www.bop.gov/inmateloc (last visited Aug. 20, 2024).

REPORT AND RECOMMENDATION - 2

## II. DISCUSSION

Even though Section 2241 does not contain an explicit exhaustion requirement, generally, federal prisoners must exhaust all available administrative remedies before seeking habeas relief in federal court. *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986); *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012); *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004). Courts have applied this administrative exhaustion requirement to § 2241 in order: (1) to develop a factual record that is capable of being reviewed; (2) to conserve judicial resources if relief is granted at the administrative level; and (3) to provide the administrative agency with the first opportunity to correct its errors. *See Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983) (per curiam).

The BOP has established an administrative remedy program through which prisoners can "seek formal review of an issue relating to any aspect of [their] own confinement[,]" including the BOP's computation of time credits against their sentences. 28 C.F.R. § 542.10(a); *United States v. Wilson*, 503 U.S. 329, 335 (1992). Except in certain limited situations, a prisoner "shall first present an issue of concern informally" to prison staff. 28 C.F.R. § 542.13(a). If dissatisfied with prison staff's informal response, the prisoner must then formally complain to the prison's warden. *See id.* § 542.14(a)–(c). If dissatisfied with the warden's response, the prisoner may appeal to the Regional Director of the region in which he is confined. *Id.* § 542.15(a). And if the prisoner is dissatisfied with the Regional Director's response, he may appeal to the BOP's General Counsel. *Id.* "Appeal to the General Counsel is the final administrative appeal." *Id.*

Here, Respondent has submitted evidence demonstrating that, despite the availability of relief through these channels, Petitioner did not pursue the BOP's administrative remedies. Dkt. 12 ¶ 8; Dkt. 12, Ex. 4. Respondent persuasively argues that, because there is a possibility

REPORT AND RECOMMENDATION - 3

Petitioner's claim will be mooted in its entirety or in part through the BOP administrative remedy process, it would be prudent for Petitioner to exhaust her administrative remedies before seeking habeas relief in this Court. Dkt. 11 at 8.

Upon review, the Court finds Petitioner has not properly exhausted her administrative remedies concerning the application of FSA credits to her sentence. Here, the concerns set forth above with respect to the administrative exhaustion requirement are particularly relevant to the calculation of Petitioner's FSA credits. Specifically, the BOP should be given the first opportunity to address Petitioner's argument that she is entitled to FSA credits. This is especially true where Petitioner's claim set forth in the Petition is unclear.

Further, while Petitioner asserts in her Petition that she filed a request for administrative remedies, the record submitted by Respondent belies such assertion, as it reveals there is no record of Petitioner having filed *any* requests for administrative remedies. Dkt. 12 ¶ 8; Dkt. 12, Ex. 4. As a result, the Court will not excuse here Petitioner's failure to exhaust her administrative remedies.[2] Therefore, the Court recommends denying without prejudice the Petition based on Petitioner's failure to exhaust her administrative remedies.

### III.    CONCLUSION

For the above-stated reasons, the Court recommends the Petition (Dkt. 4) be **DISMISSED without prejudice** for failure to exhaust administrative remedies.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of

---

[2] In Section 2241 cases, dismissal for failure to exhaust administrative remedies is not required, but is a matter left to the discretion of the court if exhaustion would be futile. *See Ward*, 678 F.3d at 1045. The Court declines to exercise its discretion to waive the exhaustion requirement in Petitioner's case.

REPORT AND RECOMMENDATION - 4

*de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on September 5, 2024, as noted in the caption.

Dated this 21st day of August, 2024.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5